JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-08297-RGK-AFM | | Date | November 17, 2020 |
|---|---|---|---|---|
| Title | *Gutierrez De Paredes v. Walmart Inc., et al* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Re: Plaintiff's Motion to Remand and for Attorneys' Fees [DE 8]**

## I.     INTRODUCTION

On September 12, 2019, Maria Gutierrez de Paredes ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Los Angeles against Walmart Inc. ("Defendant" or "Walmart") alleging negligence and premises liability. On September 10, 2020, Defendant removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C § 1332.

Presently before the Court is Plaintiff's Motion to Remand. For the following reasons, the Court **GRANTS** Plaintiff's Motion, **REMANDS** this matter to the Los Angeles County Superior Court, and **DENIES** Plaintiff's request for attorneys' fees.

## II.     FACTUAL BACKGROUND

Plaintiff alleges that on October 7, 2017, Plaintiff was shopping at a Walmart store when she slipped on a liquid and fell. As a result of her fall, Plaintiff injured her head, neck, back, knee, and hip. This lawsuit followed.

On October 7, 2019, while this action was pending in state court, Defendant served Plaintiff a Request for a Statement of Damages to ascertain the extent of Plaintiff's damages. On December 9, 2019, Defendant received Plaintiff's discovery responses in which Plaintiff described facts supporting her claim for general damages. On December 16, 2019, Defendant received Plaintiff's Statement of Damages which listed $2,000,000 in general damages and $4,000,000 in special damages.

JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-08297-RGK-AFM | | Date | November 17, 2020 |
|---|---|---|---|---|
| Title | *Gutierrez De Paredes v. Walmart Inc., et al* | | | |

On August 13, 2020, Defendant learned that Plaintiff would require a brain injury treatment costing $91,200. Defendant removed the case to this Court on September 10, 2020.

## III.   JUDICIAL STANDARD

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006).

A defendant may remove a case within 30 days after the receipt of an initial pleading that sets forth the claim for relief. 28 U.S.C. § 1446(b)(1). If the initial pleading does not establish the removability of the case, a defendant may remove within 30 days of when it may first be ascertained that the case has become removable. 28 U.S.C. § 1446(b)(3). The thirty-day clock starts once the action is "rendered removable by virtue of a change in the parties or other circumstance revealed in a newly-filed 'paper.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Untimeliness is a procedural defect and is thus waivable by the parties; however, the time limit is nevertheless "mandatory[,] and a timely objection to [a] late petition will defeat removal." *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1029–30 (9th Cir. 2017) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

## IV.   DISCUSSION

Plaintiff timely brings this Motion to remand the case due to the procedural defect of untimely removal. The parties agree that complete diversity existed between the parties at all times. However, the parties dispute when Defendant was put on notice that the amount in controversy exceeds $75,000. Plaintiff contends that the thirty-day clock during which Defendant could have timely removed this case was triggered no later than December 16, 2019—when Defendant received Plaintiff's Statement of Damages seeking $6,000,000 in damages and discovery responses detailing her pain and suffering. Defendant, on the other hand, argues that such evidence was insufficient to trigger the thirty-day clock. Instead, Defendant contends, the clock began to run on August 13, 2020, when Defendant learned that Plaintiff needed a brain injury treatment costing $91,200. Therefore, the resolution of the Motion turns on when Defendant was first put on notice that the amount in controversy exceeds $75,000. For the following reasons, the Court agrees with Plaintiff and remands this case.

JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-08297-RGK-AFM | Date | November 17, 2020 |
|---|---|---|---|
| Title | *Gutierrez De Paredes v. Walmart Inc., et al* | | |

### A.   The Action Became Removable on December 16, 2019

If the initial pleading does not disclose the requisite amount in controversy, the thirty-day period for removal does not "begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or *other paper*' from which it can determine that the case is removable." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (emphasis added) (quoting 28 U.S.C. § 1446(b)). The term "other paper" generally includes any document in the record of the state court proceeding or discovery responses. *See* 28 U.S.C. § 1446(c)(3)(A).

The Ninth Circuit has yet to decide whether a Statement of Damages served pursuant to California Code of Civil Procedure § 425.11 constitutes an "other paper" under § 1446(b)(3). Nevertheless, the Ninth Circuit has previously found that a damages estimate, "even if imprecise," is sufficient to put a defendant on notice regarding the amount in controversy as long as the estimate is "sufficiently supported by details of the injuries claimed and clearly indicate[s] that the amount in controversy exceed[s] the jurisdictional amount." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (finding that amount demanded in a settlement letter is sufficient evidence of amount in controversy if such amount appears to be reasonable). Thus, if the Court finds that Plaintiff's Statement of Damages was sufficiently supported by details of the injuries claimed, then it constituted an "other paper" and put Defendant on notice that this case had become removable.

Here, in her Statement of Damages, Plaintiff sought $2,000,000 in general damages for pain, suffering, inconvenience, and emotional distress, among other damages. (Notice of Removal at 23–24, ECF No. 1.)[1] On December 9, 2019, in response to Defendant's interrogatory, Plaintiff explained that she suffered immense pain and debilitation as a result of her injuries; continued to feel pain daily; was no longer able to concentrate, multi-task, or stand for long periods of time; and had become forgetful. (*See* Mot. to Remand Ex. I, at 7–8, ECF No. 8-10.) Although $6,000,000 may be an imprecise accounting of her damages, Plaintiff's request for $2,000,000 in general damages is sufficiently supported by the detailed description of her injuries contained in Plaintiff's December 9, 2019 interrogatory response.

Defendant argues that $2,000,000 was an unreasonable estimate of Plaintiff's general damages because at the time that Defendant received the Statement of Damages, Plaintiff had only provided

---

[1] When ruling on a motion to remand, courts may consider the removal papers and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citation omitted).

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08297-RGK-AFM | | Date | November 17, 2020 |
|----------|------------------------|--|------|-------------------|
| Title | *Gutierrez De Paredes v. Walmart Inc., et al* | | | |

Defendant with bills of her past medical expenses that totaled $4,581. However, past medical expenses do not necessarily reflect the value of a plaintiff's pain and suffering and emotional distress. Therefore, the Court finds Defendant's argument unpersuasive and concludes that Plaintiff's Statement of Damages constituted an "other paper" that started the thirty-day removal clock.[2] Accordingly, Defendant had 30 days from December 16, 2019 to remove this case. Because Defendant removed this case in September of 2020, removal was untimely. Therefore, the Court remands this case to the state court from which it was removed.

**B.   Plaintiff Is Not Entitled to Attorneys' Fees**

Plaintiff also requests an award of the attorneys' fees that she incurred in filing this Motion, pursuant to 28 U.S.C. § 1447(c). For the following reasons, the Court denies Plaintiff's request.

Absent unusual circumstances, a court may award costs and attorneys' fees under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Thus, where an objectively reasonable basis for removal existed at the time of removal, attorneys' fees may not be granted. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (removal will not be deemed objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted").

Plaintiff does not contend that unusual circumstances exist in this case. Therefore, the Court may only award Plaintiff attorneys' fees if Defendant lacked an objectively reasonable basis for seeking removal. Defendant argues that Plaintiff's Statement of Damages, which listed $6,000,000, was only an optimistic prediction and not a reasonable estimate of her damages. At the time that Plaintiff provided Defendant with her Statement of Damages, she appeared to have incurred only $4,581 in past medical expenses. Once Defendant learned that Plaintiff would require a brain injury treatment exceeding the statutory minimum, Defendant promptly removed the case. Although the Court disagrees with Defendant's assessment of Plaintiff's Statement of Damages, the Court finds that Defendant's basis for seeking removal was reasonable. Accordingly, the Court declines to award Plaintiff her attorneys' fees.

---

[2]   Because the Court finds that Plaintiff sufficiently supported her assertion of $2,000,000 in general damages, which by itself exceeds the statutory minimum, it is unnecessary for the Court to analyze whether Plaintiff explained and reasonably calculated other damages sought in her Statement of Damages.

JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08297-RGK-AFM | Date | November 17, 2020 |
|----------|------------------------|------|-------------------|
| Title | *Gutierrez De Paredes v. Walmart Inc., et al* | | |

## V.    <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion, **REMANDS** this matter to the Superior Court of California for the County of Los Angeles, and **DENIES** Plaintiff's request for attorneys' fees.

**IT IS SO ORDERED.**

cc: Los Angeles Superior Court, 19STCV32482

 : 

Initials of Preparer     jre
